UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN J. ABOLAFYA,

   Plaintiff,

   v.

MARK SELING *et al.*,

   Defendant.

Case No. C03-5646FDB

ORDER DENYING RECONSIDERATION

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is a motion for reconsideration filed by plaintiff regarding a discovery subpoena. (Dkt. # 63). As the court previously noted:

> This subpoena seeks materials from a non party, the Ombudsman for residents at SCC. The Ombudsman was appointed by the United States District Court for the Western District of Washington at Seattle. The Court notes the Special Commitment Center is subject to an injunction based on conditions of confinement and the provision of mental health treatment. The Special Commitment Center has operated under this injunction since 1994. Turay v. Seling, C91-664 WD and Sharp, *et al.*v. Weston, *et al.*, C94-121WD   The Ombudsman, Ms. Rarick, was appointed by the court as part of the injunction compliance process and is subject to protocols and rules approved by the Honorable Ricardo Martinez, United States District Court Judge for the Western District of Washington at Seattle. The objection to the subpoena sets forth the protocols approved by Judge Martinez and shows that the information plaintiff is seeking is confidential. (Dkt. # 50, exhibit D, attached protocol page 7, sections 11 through 22).

Section "(14)" of the Ombudsman Protocol states:
The Special Commitment Center, complainants and witnesses agree to act to protect the confidentiality of the Ombudsman's records.

Thus, plaintiff himself, by filing a complaint with the Ombudsman used the protocol approved by the court. Plaintiff agreed to act to keep the Ombudsman records confidential. (Dkt. # 50, exhibit D, attached protocol, page 7, section 14). This court does not intend to alter or change an order entered by Judge Martinez in a case that is under Judge Martinez's control. This is a matter that may be properly presented before that tribunal, however, plaintiff has filed the motion in this case. A subpoena to obtain records plaintiff agreed would be confidential is unenforceable and the court therefor **ORDERS** the subpoena **QUASHED**. Plaintiff's motion for enforcement is **DENIED.**

(Dkt. # 62).

The court has considered the motion for reconsideration and the motion is **DENIED.** The Clerk is directed to remove motions number 63 through 65 from the courts calendar and to send copies of this order to plaintiff, any counsel for defendants.

DATED this 8th day of April, 2005.

Karen L. Strombom
United States Magistrate Judge