1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

BENJAMIN I. ABOLAFYA,

       Plaintiff,

    v.

MARK SELING, *et al.* ,

       Defendants.

Case No. C03-5646FDB

ORDER STAYING CASE

15

16

17

18

19

20

21

22

23

24

25

      Plaintiff settled this matter for the amount of $1,500.00 [Dkt. # 97] Stipulated Settlement,

Order of Dismissal and Consent Judgment] on June 29, 2005.  The State learned, after Plaintiff

signed the settlement agreement, that Plaintiff has at least three outstanding legal financial obligations

whereby he is required to pay financial restitution to victims.  Counsel for Defendants spoke with

Plaintiff about this and indicated that the State anticipated filing a motion with the King County

Superior Court to show cause what Plaintiff's current legal financial obligation is and whether the

settlement funds in this case must be paid to the Superior Court to be applied to Plaintiff's

outstanding balance.   If some or all of the funds must be paid directly to the Superior Court to apply

toward the financial obligations, then, the State's Counsel stated to Plaintiff, this Court would be

asked to deem the payment satisfaction of the judgment herein.  Plaintiff then filed the pending

26

ORDER - 1

1   "Motion To Enforce Settlement, Show Cause, Or In The Alternate Rescind Order."

2   　　　Plaintiff insists that the Settlement in this case unambiguously provides "(4) payment of the

3   judgment amount shall be made directly to plaintiff ABOLAFYA; and (5) that upon receipt of

4   payment, plaintiff ABOLAFYA shall promptly sign and return a Satisfaction of Judgment to

5   defendants' counsel for entry with the Court."  Plaintiff requests that the Court order Defendants to

6   adhere to the terms of the Settlement by remitting the $1,500.00 to Plaintiff; and/or show cause why

7   sanctions in the amount of $1,500 should not be imposed against counsel for violating the agreement;

8   or order that counsel should pay Plaintiff $1,500.00 plus interest; or to strike the Stipulated

9   agreement from the record and set a new discovery schedule.

10   　　　Defendants oppose Plaintiff's motion showing that Plaintiff owes $2,157.23 by Order Setting

11   Restitution on August 31, 1993, and that as of August 17, 2005, Plaintiff had paid none of the

12   restitution or other legal financial obligations. (Hamilton Decl., Att. A.)  Washington law provides

13   that restitution is subject to collection for at least ten years from the date of release from

14   confinement.  *See State v. Shultz*, 138 Wash.2d 638, 641 and 644-45 (1999), *en banc*.  Plaintiff was

15   released form confinement on the conviction that lead to the above restitution order in March 1997,

16   and Plaintiff remains obligated to satisfy the financial obligations, including the restitution, until at

17   least 2007 (unless renewed at the end of the ten-year period).

18   　　　Defendants ask that the Court abide Superior Court's ruling on the State's obligation with

19   respect to the $1500.00 settlement proceeds that it holds for Plaintiff pursuant to the parties'

20   agreement in this case.  Defendants contend that any recovery that Plaintiff may receive pursuant to

21   settlement or verdict is potentially subject to seizure for application to his legal financial obligations.

22   To set aside the settlement agreement to then go forward with a trial that may or may not result in

23   recovery by Plaintiff or any recovery being subject to application toward Plaintiff's legal financial

24   obligations would be a waste of judicial resources.

25   　　　Defendants have now begun the process of filing a motion for order to show cause with the

26   ORDER - 2

1   King County Superior Court, and awaiting action by that court.  Under these circumstances, a stay

2   of this matter is in order pending resolution of the State's obligation with respect to the settlement

3   funds.  ACCORDINGLY,

4          IT IS ORDERED:

5          1.      This matter is STAYED pending the King County Superior Court's decision with

6                  respect to the State's obligation as to the $1500.00 settlement proceed that it holds

7                  for Plaintiff.

8          2.      Defendant's counsel shall advise the Court at least weekly of the status of the matter.

9                  DATED this 6th day of October, 2005.

10

11                  _____

12                  FRANKLIN D. BURGESS
                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 3